IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JIM FRENCH,

        Plaintiff,

    v.

WARREN ROBERTS, MD, et al.,

        Defendants.

Case No. 2:21-cv-01816-YY

ORDER

YOU, Magistrate Judge.

    Plaintiff, an adult in custody of the Oregon Department of Corrections ("ODOC") at the Oregon State Correctional Institution ("OSCI"), brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement (ECF No. 22). For the reasons that follow, the Court GRANTS Defendants' Motion for a More Definite Statement and ORDERS Plaintiff to file a Second Amended Complaint.[1]

## BACKGROUND

    Prior to being held in custody at OSCI, Plaintiff was housed at the Two Rivers Correctional Institution ("TRCI"). On April 28, 2022, District Judge Karin J. Immergut issued an Order dismissing Plaintiff's Complaint on the basis that it failed to state a claim upon which

---

[1] *See Cheshire v. Bank of Am., NA*, 351 F.App'x 386, 388 (11th Cir. 2009) (finding no consent necessary for magistrate judge to rule on motion for more definite statement); *Morris v. Wyeth, Inc.*, No. CIV.A.09-00854, 2009 WL 3711260, at *1 (W.D. La. Nov. 3, 2009) ("As the motion for a more definite statement is not excepted within 28 U.S.C. § 636(b)(a)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order issued under the authority thereof, and in accordance with the standing order of this court").

1 - ORDER

relief may be granted; Judge Immergut advised Plaintiff of the deficiencies of his Complaint and ordered him to file an Amended Complaint or face dismissal under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b). On June 16, 2022, Plaintiff filed his Amended Complaint, and on September 30, 2022, Defendants filed their motion to dismiss the Amended Complaint or, in the alternative for a more definite statement of Plaintiff's claims. After granting Plaintiff numerous extensions of time to respond to Defendants' motion, the Court ultimately took the motion under advisement on September 6, 2023.

In his Amended Complaint, Plaintiff discusses foot pain he experienced since his arrival at TRCI in 2018, and states that he suffered pain for more than 12 years. Plaintiff does not identify any individual defendants in connection with his foot pain. Moreover, it is unclear from Plaintiff's Amended Complaint whether he is alleging that he continues to suffer from this pain or that it was resolved at some point. Plaintiff also alleges that he was treated at some unspecified point in time for Hepatitis C, apparently while he was in the custody of the Colorado Department of Corrections, and that unidentified ODOC officials denied he ever was diagnosed with Hepatitis C or received this treatment. Again, it is unclear from Plaintiff's Amended Complaint when this allegedly occurred or whether Plaintiff suffered any injury therefrom. Plaintiff alleges he submitted a grievance on this issue in 2018, which Defendant Ynon failed to timely respond to, and he generally discusses other attempts to grieve medical issues, but does not allege when he submitted these grievances or the outcomes thereof.

Plaintiff also alleges he suffered a fall on March 22, 2022, which left his left hip in terrible pain. Plaintiff alleges defendant Dr. Roberts denied him access to see a specialist and that he continues to suffer pain. Other than passing reference to "an injunction ordering the

2 - ORDER

medical department to provide treatment" in the paragraph discussing his fall, Plaintiff does not specify the relief sought in his Amended Complaint.

Plaintiff names eight individual defendants in his Amended Complaint. He does not, however, allege two of the individuals (Dieter and Wettland) played any role in the allegations. As to Defendants Vetlaner, Manie, Plaintiff makes only vague allegations that appear to indicate they acted in their supervisory roles.

## LEGAL STANDARDS

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Comput., Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Brooks v. Clyne*, No. 3:19-cv-02085-HZ, 2021 WL 359733, at *13 (D. Or. Jan. 31, 2021).

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts establishing that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability under § 1983 must be based on personal participation by a defendant; vicarious liability is inapplicable and state officials are not liable under § 1983 on a *respondeat superior* theory. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). A defendant may be held liability as a supervisor under § 1983 only if there exists "either (1) his

3 - ORDER

or her personal involvement in the constitutional deprivation; or (2) a sufficient casual connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

      As noted, Plaintiff does not allege facts establishing personal participation by Defendants Johnston, Vetlanfer, Manie, Dieter, and Wettland in the alleged violation of his rights. Accordingly, to the extent Plaintiff wishes to retain these individuals as Defendants, he must allege more than vague, conclusory allegations based upon their supervisory roles.

      Section 1983 contains no specific statute of limitations. As such, federal courts apply the forum state's statute of limitations for personal injury actions. *Maldonaldo v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). In Oregon, the applicable statute of limitations for a § 1983 action is two years from the date that the cause of action accrues. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also* Or. Rev. Stat. § 12.110. The accrual date for a § 1983 cause of action "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the cause of action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quotations and citations omitted).

      Plaintiff's allegations about his foot pain are vague and unclear as to what period of time he is addressing. He alleges he suffered pain from the time he was transferred to TRCI in 2018, and for a "fourteen year" period, which he does not define by specific years. It appears Plaintiff underwent some medical treatment or procedure for his foot in May 2021, which is within the two-year limitation period, but it is unclear whether he is alleging claims based directly on that incident or treatment, and it is unclear if that treatment resolved the issue with his foot or that the

pain is continuing.  Likewise, it is unclear from the Amended Complaint when his claim(s) against Defendant Ynon related to grievances arose, and whether those claim(s) fall within the limitation period.

Finally, Plaintiff's claims pertaining to his Hepatitis C condition and his March 2022 hip injury are not sufficient to allow Defendant Roberts to ascertain the exact nature of Plaintiff's claims.  To state a claim for denial of medical care in violation of the Eighth Amendment, a prisoner must allege facts establishing deliberate indifference to the prisoner's serious medical needs.  *Estelle v. Granger*, 429 U.S. 97, 104-05 (1976).  A showing of mere negligent medical care is not enough to establish a constitutional violation, and a mere difference of opinion about the proper course of medical treatment is not deliberate indifference.  *Frost v Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Wild*, 891 F.2d 240, 242 (9th Cir. 1989).

## CONCLUSION

For these reasons, IT IS ORDERED that Defendants' alternate Motion for a More Definite Statement (ECF No. 22) is GRANTED, and the Court FINDS MOOT Defendants' Motion to Dismiss.  Plaintiff must file a Second Amended Complaint curing the deficiencies noted above within 30 days of the date of this Order.  Plaintiff is advised that his Second Amended Complaint must specifically allege facts in a plain and simple statement that sets forth (1) the defendants who personally participated in causing the alleged deprivation of his constitutional rights, (2) the specific conduct that each defendant engaged in that resulted in the alleged constitutional violation; and (3) the dates on which the specific conduct occurred, *i.e.*, the period of time for which Plaintiff claims he suffered the medical conditions related to his foot and hip.  Plaintiff is further advised that his Second Amended Complaint will operate as a

complete substitute for the Amended Complaint, not as a supplement. Finally, the Court advises Plaintiff that failure to timely file his Second Amended Complaint may result in the dismissal of this action.

The Clerk of the Court is DIRECTED to send Plaintiff a form prisoner civil rights Complaint with this Order and the Court encourages Plaintiff to utilize the form in preparing and filing his Second Amended Complaint.

IT IS SO ORDERED.

DATED this 14 day of September, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

6 - ORDER